**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Crystal Faye Clark, Appellant,

v.

Housing Authority of the City of Columbia, Respondent.

Appellate Case No. 2016-000491

———————————

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

———————————

Unpublished Opinion No. 2018-UP-118
Submitted February 1, 2018 – Filed March 21, 2018

———————————

**AFFIRMED**

———————————

Johnny Elliot Watson, Sr., of Columbia, for Appellant.

Kenneth Allen Davis, Shawn David Eubanks, and Adam Jordan Mandell, all of Boykin & Davis, LLC, of Columbia, for Respondent.

———————————

**PER CURIAM:** Crystal Faye Clark appeals an order of the circuit court granting summary judgment in a personal injury action against her landlord, the Housing Authority of the City of Columbia. The circuit court based its grant of summary judgment on Clark's inability to provide evidence of the time or date of maintenance calls Clark claimed to have made concerning the condition that

allegedly led to Clark's injury.  On appeal, Clark argues (1) despite her inability to provide specific information about the calls she claimed to have made, the credibility of her assertion that she made the calls was a question of fact for the jury and (2) the defense of assumption of the risk was inapplicable to this case. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to Issue 1: Rule 56(c), SCRCP ("[Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."); Rule 56(e), SCRCP ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."); *Quail Hill, LLC v. Cty. of Richland*, 387 S.C. 223, 235, 692 S.E.2d 499, 505 (2010) ("An appellate court reviews the granting of summary judgment under the same standard applied by the [circuit] court under Rule 56, SCRCP."); *Town of Hollywood v. Floyd*, 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013) (acknowledging courts must view the evidence in the light most favorable to the nonmoving party when deciding a summary judgment motion but further stating "it is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine" in order to avoid summary judgment).

As to Issue 2: *Futch v. McAllister Towing of Georgetown*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address all issues on appeal when its decision on one issue is dispositive).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.